IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROSS RIDDLE,

    Plaintiff,

v

PITNEY BOWES, INC.

    Defendant,

Case No.: 1:20-cv-2655

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Ross Riddle, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Ross Riddle, (hereinafter "Plaintiff" or "Riddle"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Pitney Bowes, Inc. (hereinafter "Pitney Bowes" or "Defendant"), is an employer as defined by the Americans with Disabilities Act, as amended 42 U.S.C. §12101, the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq.*, and the Family Medical Leave Act, 29 U.S.C. §2601, *et. sec.* which conducts business in the State of Indiana.

3. Riddle filed a Charge of Discrimination (Charge No. 470-2020-00791) with the Equal Employment Opportunity Commission on or about October 15, 2019, *inter alia*, alleging that Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq*.

4. The Equal Employment Opportunity Commission issued to Riddle a 90-day Right to Sue letter on August 7, 2020.

5. Riddle invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a sixty-three (63) year old male with a disability related to a torn meniscus in his knee that required surgery. He was employed by the Defendant as a Maintenance Technician.

8. In or around the end of July 2019, Riddle notified his supervisor that he needed surgery for his torn meniscus and would need to utilize eight to twelve (8-12) weeks of Family Medical Leave.

9. Mr. Riddle requested the FMLA paperwork for his disability, but his supervisor ignored his requests.

10. On or about August 12, 2019, Plaintiff was terminated for allegedly failing to clock in and out on his lunch breaks when in fact he worked through his lunch and did not take one.

11. Younger, non-disabled employees, often failed to clock in and out for lunch breaks and were treated more favorably than Plaintiff under the similar circumstances.

Count I
Age Discrimination

12. Plaintiff incorporates by reference Paragraphs one (1) through eleven (11) above.

13. Plaintiff is sixty-three (63) years old and therefore over the age of forty and a member of a protected class.

14. Plaintiff met or exceeded all of Defendant's legitimate performance expectations.

15. Defendant discriminated against Riddle on the basis of his age when it terminated his employment for allegedly failing to clock in and out for his lunch breaks.

16. Plaintiff was treated less favorably than younger employees who were not terminated for failing to clock in and out on their lunch breaks and were not subjected to termination.

17. Riddle's age was the motivating factor in Defendant's decision to terminate his employment.

18. Defendant terminated Plaintiff's employment because of his age.

19. As a result of the foregoing, Riddle suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

20. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## II
### Disability

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) above.

22. Plaintiff suffers from a disability and/or perceived disability that affects one or more of his major life activities, specifically Plaintiff suffered from a torn meniscus on his knee that made it difficult for him to walk.

23. Plaintiff was able to perform all of the essential functions of his original job with or without reasonable accommodation.

24. Rather than accommodate Plaintiff's disability, Defendant terminated his employment because of his disability and/or perceived disability under the pretext of his failure to clock in and out for breaks.

25. Plaintiff was treated less favorably than similarly situated non-disabled employees who failed to clock in and out for breaks and were not terminated.

26. As a result of the foregoing, Riddle suffered damages, including but not limited to, lost wages and benefits, compensatory damages and attorney fees.

27. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count III
## FMLA

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) above.

29. During his employment with Defendant, Plaintiff attempted to request FMLA to seek leave for the time he was going to be off for his surgery, but his requests for the required paperwork were ignored.

30. Plaintiff suffered an adverse employment action when Defendant failed to provide the FMLA paperwork, and then terminated his employment for allegedly not clocking in and out on his lunch breaks.

31. Plaintiff:

   A. Was treated less favorably than employees who had not requested or were not in need of leave under the FMLA; or

   B. Suffered an adverse employment decision because of his request or need for leave under the FMLA; or

   C. Suffered an adverse employment action for his decision to take leave under the FMLA and because of his perceived need for leave under the FMLA.

32. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS + PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax